# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TERRITORY OF THE VIRGIN ISLANDS et al., <br><br> Defendants. | 1:86-cv-265 |

TO:  Joycelyn Hewlett, Esq., AUSA
     Tammie Gregg, Esq., DOJ
     Laura L. Coon, Esq., DOJ
     Andrew Barrick, Esq., DOJ
     Vincent F. Frazer, Esq., AG
     Aquannette Y. Chinnery-Montell, Esq., AAG

## ORDER

Since March 23, 2006, Defendants have had the opportunity to remedy their contempt of the Court's orders regarding their duty to provide and maintain constitutionally adequate conditions of confinement at the Golden Grove Adult Correctional and Detention Facility ("Golden Grove"). *See* Order Granting United States' Motion to Find Defendants in Contempt and for Appointment of a Special Master ("Contempt Order") (Docket No. 224, as amended by Docket No. 231). To facilitate compliance, this Court subsequently authorized appointment of Susan McCampbell as the

Special Master in this litigation. Susan McCampbell has diligently sought to facilitate and encourage Defendants to comply with the primary orders entered in this case. These orders include: (1) the 1986 Consent Decree; (2) the 1990 Plan of Compliance; (3) the 2003 Stipulated Agreement; and (4) the May 2007 Order. All of these orders concern Defendants' obligation to provide constitutionally adequate safety, security, health care, mental health services, and appropriate environmental, fire, and life safety conditions.

The primary means by which the Special Master sought to motivate Defendants to comply with various requirements was to set specific dates for taking action in discrete areas referenced in the Orders, including the development of action plans for further compliance. These dates were negotiated with Defendants, and Defendants proposed compliance dates which the Special Master accepted. The Special Master also requested, at a minimum, communication from the Defendants if they were unable to comply with a deadline. The expected communications referenced throughout this Order that were not received by the Special Master were expected to come from Julius Wilson, Director, Bureau of Corrections ("BOC").

Defendants have, at best, a mixed record of fulfilling obligations in a timely manner. After initial delays, medical services plans and related medical staff security issues have

been addressed appropriately. Although, for example, there had been some delay in meeting a December 1, 2009, deadline for development of a written plan for enhanced security in the medical unit, a plan was provided on January 20, 2010. Similarly, medical policies and procedures were developed by Dr. Linda Callwood, Medical Director, BOC, and are in the process of review by the Special Master's expert, Dr. Robert Griefinger.

Notwithstanding the fact that Defendants have been in longstanding contempt of this Court, the Defendants have failed to comply yet again with many of the most recent dates for compliance actions to which they agreed. As an example, the Special Master has without success attempted to encourage Defendants to produce an overall hiring plan. The plan was originally due on July 15, 2007, and the due date was reset to December 1, 2009, by the Special Master. This deadline was missed and Defendants failed to provide an update to the Special Master explaining why they failed to comply. Director Wilson provided what he considered to be a hiring plan on January 19, 2010; however the Special Master determined the plan to be inadequate.

With respect to the required development and *completion of plans* (i.e., not actual project completion) for an assessment of the physical plant at Golden Grove, Defendants had agreed to provide a date for completion of the assessment. The agreed upon date was

November 3, 2009, then extended to January 20, 2010. These dates came and went without any communication to the Special Master or completion of the plans.

Security and operational policies were timely submitted by Defendants, but were determined by the Special Master to be inadequate, a conclusion later acknowledged by Director Wilson. A plan for the provision of inmate access to telephones has languished since at least May 2007. Defendants promised but failed to provide a plan of action for provision of telephone services by January 15, 2010. Other agreed upon plan deadline dates have passed without communication to the Special Master, including a plan for cleaning, painting, and chemical controls for all inmate living areas.

The failure of Defendants to abide by agreed upon dates established by the Special Master for achieving *planning* compliance, let alone substantive compliance, may be sufficient for this Court to consider imposing extraordinary remedies against the BOC and its personnel. This Court will, however, out of an abundance of caution and deference to additional promises of the BOC, impose as an Order of this Court one final set of extended compliance deadlines as recently agreed to by the parties. These deadlines and requirements are substantive orders of this Court and provide a clear foundation for subsequent extraordinary relief, as appropriate, should Defendants fail to comply with them. Other compliance deadlines not referenced in this Order remain in effect and their

due dates remain extant, e.g., March 1, 2010, due date for security staffing and tool control plan for the shop area.

Based on the foregoing and good cause appearing, it is now hereby **ORDERED**:

1. Hiring Plan: On or before March 1, 2010, the BOC will produce and submit to the Special Master a hiring plan which includes, but is not limited to, the elements noted in this Court's order of May 15, 2007. *See* p. 5 of Order dated May 15, 2007.

2. Physical Plant:

    a. No later than March 1, 2010, the BOC will produce and provide to the Special Master a cleaning and painting schedule for all inmate and detainee living areas.

    b. On or before April 21, 2010, the BOC will produce and submit to the Special Master a comprehensive matrix/presentation that shows the identification by the BOC engineer or other qualified professionals of all physical plant issues found during the engineer's assessment of the physical plant at Golden Grove.

  c.  The April 21, 2010, matrix/presentation shall include an action plan for taking corrective action with respect to ventilation at the facility, with dates of expected completion.

  d.  The April 21, 2010, matrix/presentation shall include a plan to provide the resources to perform internal maintenance, either by hiring qualified professionals to assist the Territorial Maintenance Supervisor or contract for maintenance work.

  e.  Elements of the matrix/presentation: In preparing the matrix/presentation, the BOC shall incorporate, at a minimum, the following elements into its plan:

- The language of the relevant court order(s);
- The specific work objectives to comply with the order(s), including the entity expected to perform the work;
- Whether funding is available in the current fiscal year to complete the work;
- If funding is not available in the current fiscal year, a statement indicating that funding will be sought in the following year's

       proposed budgets submitted by BOC to the government of the Virgin Islands' Office of Management and Budget (OMB);

    •  Anticipated start date and completion date of each work objective; and,

    •  The criteria BOC will use to determine that the work objective is completed.

  3. <u>Security and Security Enhancement</u>:

    a. On or before March 1, 2010, BOC will produce a plan to the Special Master to control all cleaning and other chemical agents inside the facility.

    b. On or before March 1, 2010, BOC will produce a plan to the Special Master to address inmate idleness, thereby alleviating inmate tension and hostility. The plan shall at a minimum include a master program calendar with program dates, assignments and proposed measures.

  4. <u>Policies/Procedures/Training</u>:

    a. Final security policies and procedures shall be completed on or before July 1, 2010. Defendants shall submit drafts of the policies and procedures to the Special Master as soon as possible as each one is

    completed without waiting to complete the entire set in to enable her to evaluate the adequacy of the proposed work product prior to the July 1, 2010, completion date.

  b. Staff training on the completed policies and procedures shall commence promptly and continue thereafter until all staff is familiar with the completed policies and procedures as they apply each job classification. Defendants shall advise the Special Master and set forth a date and schedule upon which training based on the policies and procedures shall begin.

  c. Medical policies and procedures shall be completed on or before May 1, 2010. Training of medical staff on the medical policies and procedures shall be implemented no later than May 4, 2010. In the event any of the medical policies submitted on or before May 1, 2010, are deemed insufficient by the Special Master, training on the remaining policies or nonobjectionable portions thereof shall promptly continue. The BOC shall be given, in this instance, an additional sixty (60) days to refine, modify, or create additional medical policies without being in contempt of this sub-section.

     5.    <u>Inmate telephones</u>:

          a.    Detainees: By March 1, 2010, the BOC will provide telephone services to detainees to enable them, at a minimum, to contact their attorneys. These services, for example, may be provided by use of supervised cell phones or portable phone devices.

          b.    All Inmates/Detainees: On or before April 1, 2010, the BOC will produce a plan to the Special Master to provide a functioning telephone service to inmates and detainees. Implementation of telephone services shall commence on or before June 1, 2010.

                                  ENTER:

Dated: February 22, 2010                       /s/ George W. Cannon, Jr.
                                                            GEORGE W. CANNON, JR.
                                                             U.S. MAGISTRATE JUDGE