DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

UNITED STATES OF AMERICA,            )
                                     )
                                     )
        v.                           )
                                     )
                                     )   Civil Action No. 1986-265
TERRITORY OF THE VIRGIN ISLANDS,     )
et al.,                              )
                                     )
                                     )
            Defendants.              )
_____)

**Attorneys:**
**Jonathan M. Smith, Esq.,**
**Laura L. Coon, Esq.,**
**Alyssa C. Lareau, Esq.,**
**Emily A. Gunston, Esq.,**
Washington, D.C.
        *For the United States*

**Richard S. Walinski, Esq.,**
Toledo, OH.
        *For the Defendants*

**Nathan T. Oswald, Esq.,**
Pemberville, OH.
        *For the Defendants*

**Aquannette Y. Chinnery, Esq.,**
St. Thomas, U.S.V.I.
        *For the Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Entry Upon Land, which was filed on February 23, 2012. (Dkt. No. 638). Per an agreement reached at a status conference held on that same day, Defendants filed their Response to

the Motion on March 1, 2012. (Dkt. No. 646). For the reasons that follow, the Court will deny Plaintiff's Motion.

## I.  BACKGROUND

Plaintiff's Motion to Compel Entry asks the Court to resolve a dispute between the parties relating to the permissible scope of Plaintiff's on-site inspection of the Golden Grove Adult Correctional Facility ("Golden Grove"), which will take place on March 6-9, 2012. The inspection is part of the discovery being conducted in preparation for an upcoming evidentiary hearing on the conditions at Golden Grove pursuant to § 3626(b)(3) of the Prison Litigation Reform Act ("PLRA"). 18 U.S.C. § 3626(b)(3) (1996). This evidentiary hearing was precipitated by Defendants' July 28, 2011, filing of a Motion to Terminate Prospective Relief (Dkt. No. 565), on which this Court heard oral argument on December 6, 2011, and rendered an opinion on February 8, 2012. (Dkt. No. 630).[1]

Plaintiff represents that in January 2012, the parties initiated discussions on Plaintiff's intention to conduct an on-site inspection of Golden Grove. On February 6, 2012, Plaintiff served Defendants with a Request for Entry and Inspection. Pl.'s Mot. at 2. Defendants served Plaintiff with their Response on February 15, 2012, providing their objections to the Inspection. Despite negotiations, the parties were unable to resolve their disagreement regarding Plaintiff's interviews of Defendants' staff during the Inspection.[2] Plaintiff's Motion and Defendants' Response followed.

---

[1] As reflected in the Court's February 8, 2012, Memorandum Opinion, the evidentiary hearing will be the vehicle through which the Court will determine whether there is a "current and ongoing violation of a Federal right" at Golden Grove, and if so, the scope of the relief to be afforded. *See* § 3626(b)(3).

[2] Specifically, pursuant to Local Rule 37.2, the parties signed a "Stipulation Regarding Unresolved Discovery Disputes and Compliance with LRCi 37.1," in which the parties represent that they met and conferred to resolve the dispute in a good faith effort, but that they were unable to resolve the issue of

2

## II.   DISCUSSION

### 1.   The Parties' Arguments

In its Motion, Plaintiff seeks permission for its consultants to interview Golden Grove staff members[3] regarding the "operations, premises, processes and procedures viewed during the facility inspection" at Golden Grove. For this proposition, Plaintiff relies on Rule 34(a)(2) of the Federal Rules of Civil Procedure, which allows a party to enter land to conduct discovery. Fed. R. Civ. P. 34(a)(2). Plaintiff further relies on four cases in which courts permitted a party to conduct interviews on the opposing party's land pursuant to Rule 34.[4]

Plaintiff explains that Defendants would permit Plaintiff's consultants to question Golden Grove staff in the manner requested by Plaintiff, but only under the condition that Plaintiff's consultants would not rely upon statements made during the tour as a basis for a testifying expert's opinion. Instead, Defendants would require that Plaintiff's experts form the basis of their opinions on statements made during a formal deposition of Golden Grove staff members. Plaintiff argues that "it should not be required to enter into an

---

"[w]hether the United States consultants should be permitted to ask questions of Golden Grove staff regarding the operations, premises, processes and procedures viewed during the facility inspection." LRCi 37.1 Joint Stip. (Dkt. No. 638-1).

[3] Defendants describe the "staff" in their Response as Defendants' "employees and agents." *See* Defs.' Resp. at 1.

[4] Plaintiff cites to *Morales v. Tubman*, 59 F.R.D. 157 (E.D. Tex. 1972); *New York State Ass'n for Retarded Children v. Carey,* 706 F.2d 956 (2d Cir. 1983); *Coleman v. Schwarzenegger*, 2007 WL 3231706 (E.D. Cal. 2007); and *United States v Eerie*, 2010 WL 986505 (W.D.N.Y. 2010). In *Morales*, a district court interpreted Rule 34 to permit "the broadest sweep of access," Wright and Miller, Federal Practice and Procedure § 2206, at 607 (1970), and permitted experts to live with, and speak freely to, inmates and staff at a Texas youth institution. 59 F.R.D. at 158. In *Carey*, the Second Circuit held that a district court did not abuse its discretion when permitting plaintiff's counsel to interview staff members under Rule 34 at an institution for the mentally retarded. 706 F.2d 956. Similarly, in *Schwarzenegger*, 2007 WL 3231706, and *Eerie*, 2010 WL 986505, the respective trial courts permitted plaintiff's experts to interview prison staff pursuant to Rule 34.

3

agreement that its experts will not rely on any statements made" during the tour. Pl.'s Mot. at 3.

Defendants emphasize that Rule 34(a)(2) does not vest Plaintiff with any authority to conduct interviews because the rule pertains instead to the discovery of tangible items found on the land or property. Nonetheless, Defendants stress that they have offered to permit Plaintiff's consultants to conduct broad-sweeping interviews of Golden Grove staff during their four-day tour of Golden Grove. However, out of concern for the reliability of the evidence upon which the experts' testimony is based, Defendants would require that Plaintiff's experts rely only upon the statements of the declarants made during a subsequent deposition. Defs.' Resp. at 2.[5]

Defendants argue that Plaintiff seeks to informally interview Golden Grove staff through Rule 34 to circumvent the formal deposition procedures outlined in Rule 30 of the Federal Rules of Civil Procedure, which require notice to the deponent, the recording of the deposition, and an oath or affirmation that the deponent's testimony be truthful. Fed. R. Civ. P. 30(b)(1), (b)(5)(A), (b)(3). The Rule 30 deposition procedures also permit counsel to make objections on the record and to appropriately assert privileges, and allow a deponent to review the testimony to ensure accuracy. Fed. R. Civ. P. 30(c)(1), (c)(2),

---

[5] In Defendants' own words:
> The Defendants have proposed to allow Plaintiff's consulting experts—despite the absence of any authorization in Rule 34—to interrogate Golden Grove employees informally. They have offered to allow the Plaintiff's experts to ask such questions of the Defendants' employees and agents as are needed for the experts to understand what they might observe. In exchange for that assistance, however, Defendants have asked Plaintiff to agree that those statements of the Defendants' employees and agents be inadmissible. Rather, Defendants have suggested that, if Plaintiff wishes to prove any of those statements either as relevant evidence in their own right or as a basis for a testifying expert's opinion under Rule 702, it take the deposition of the declarants. As Defendants see it, Plaintiff would be free to follow its inspection with depositions. This way, statements of the Defendants' employees and agents will be made under oath and recorded so that they can be retrieved accurately—rather than from the memory of the expert and others within earshot.

Defs.' Resp. at 1-2.

(c)(3)(e). Defendants argue that any comments or information gleaned outside the Rule 30 process would constitute a highly unreliable basis for expert testimony. Defs.' Resp. at 8-9.

Defendants additionally contend that Plaintiff seeks to informally question Golden Grove staff members about an impermissibly broad scope of information. To support this proposition, Defendants cite *Belcher v. Bassett Furniture Industries, Inc.*, in which the Fourth Circuit found that a district court abused its discretion in granting an order that permitted plaintiffs to interview anyone at defendants' facility, without providing any limitation of the subject-matter or containing a reason for the inspection of the premises. 588 F.2d 904 (4th Cir. 1978). Defendants thus argue that interviews pursuant to Rule 34 are permissible only when the discovering party is seeking essential and limited information. Defs.' Resp. at 5-7. Defendants contend that the cases offered by Plaintiff—*Morales*, *Carey*, *Coleman* and *Eerie*—all involved permissible Rule 34 interviews precisely because the scope of the information to be discovered in each case was narrow and essential to the plaintiff. Defs.' Resp. at 6-7.

### 2. Guiding Principles

Several principles inform the Court's analysis of the dispute. First, the relevant portions of Rule 34 of the Federal Rules of Civil Procedure, which govern the procedures for property inspections, provide as follows:

> (a) IN GENERAL. A party may serve on any other party a request within the scope of Rule 26(b):
>
> (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Fed. R. Civ. P. 34(a)(2). "The touchstone for analysis of a Rule 34 inspection is reasonableness. The inspection demand must describe the place to be examined with reasonable particularity, and must specify a reasonable time, place and manner for the examination." *McConnell v. Canadian Pacific Realty*, 2011 WL 5520322, at *3 (M.D. Pa. 2011). Because Rule 34(b)(1)(A) states that the contents of the request "must describe with reasonable particularity each item or category of items to be inspected," Fed. R. Civ. P. 34(b)(1)(A), Rule 34 requests "must not include 'boiler-plate language' and [must] set forth 'the items to be inspected . . . with reasonably particularity.'" *Johnson v. Mundy Indus. Contractors, Inc.*, 2002 WL 31464984, at *3 (E.D.N.C. 2002). "In short, 'all-encompassing demands' do not suffice to satisfy this reasonableness standard . . . ." *McConnell*, 2011 WL 5520322, at *3 (quoting *In re Asbestos Prods. Liab. Litig.* (No. VI), 256 F.R.D. 151, 157 (E.D. Pa. 2009)); *see also Walsh v. Krantz*, 2008 WL 5189138, at *4 (M.D. Pa. 2008).

Second, the scope of the discovery that may be compelled under Rule 34 is further defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Because the otherwise expansive definition of Rule 26 reaches only "nonprivileged matter that is relevant to any party's claim or defense," *id.*, "valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues," *McConnell*, 2011 WL 5520322, at*4. Importantly, however, Rule 26 defines the concept of "relevant information" broadly, to include evidence that would not

6

in itself be admissible at trial, so long as it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Third, informal interviews conducted under Rule 34 do not provide for the formal protections afforded by Rule 30, including the designations afforded by Rule 30(b)(6) of the Federal Rules of Civil Procedure. Rule 30(b)(6) permits an organization to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . ." Fed. R. Civ. P. 30(b)(6). Rule 30(b)(6) therefore provides Defendants with a measure of control over who may speak on behalf of Defendants. *See Bailey v. Viacom*, 435 Fed. Appx. 85, 91 (3d Cir. 2011) (explaining that the testimony of a witness who was not designated to testify pursuant to Rule 30(b)(6) "does not establish a company-wide practice."). An interview pursuant to Rule 34 does not provide for such a designation.

Fourth, an evaluation of a discovery dispute should consider the issues presented by the litigation. *See McConnell*, 2011 WL 5520322, at *5. Here, the Court is called upon to consider "[w]hether the United States consultants should be permitted to ask questions of Golden Grove staff regarding the operations, premises, processes and procedures viewed" during an inspection of Golden Grove. LRCi 37.1 Joint Stip. (Dkt. No. 638-1). The discovery is in preparation for a § 3626(b)(3) hearing to consider if there is a current and ongoing violation of a federal right at Golden Grove, and if so, if the previously issued relief is tailored in the manner required by the PLRA. This inquiry requires the Court to harness a quantum of information in a precise and reliable form, so as to conduct analyses and engage in decision-making that are consistent with the letter and spirit of the PLRA.

Finally, rulings relating to the appropriate scope of discovery, and orders compelling such discovery, are within the district court's discretion. Decisions to compel discovery are "committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.,* 506 F.2d 781, 788 (3d Cir. 1974); *In re Fine Paper Antitrust Lit.*, 685 F.2d 810, 817-18 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."). Accordingly, "[g]ranting or denying a request under Rule 34 is a matter within the trial court's discretion . . . ." *Belcher*, 588 F.2d at 907 (quoting *Tiedman v. Am. Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1958)).

Mindful of these legal and practical guideposts, the Court considers Plaintiff's Motion.

### 3. Analysis of Plaintiff's Motion to Compel Entry

The issue presented by Plaintiff's Motion to Compel Entry Upon Land, and upon which this Court will render a ruling at this time, is whether this Court should enter an Order requiring Defendants to permit Plaintiff's consultants "to ask questions of Golden Grove staff regarding the operations, premises, processes and procedures" during their four-day tour of the Golden Grove facility. Pl.'s Mot. at 2.[6] The Court agrees with Defendants that they are not required to permit Plaintiff to conduct such questioning of their staff, particularly in light of the potential lack of reliability resulting from Plaintiff's proposed informal and broad-sweeping questioning.

---

[6] The Court recognizes that the parties have alluded to questions regarding the admissibility or inadmissibility of evidence, and the proper interpretation of Rules 702 and 703 of the Federal Rules of Evidence. *See, e.g.*, Pl.'s Mot. at 2-3; Defs.' Resp. at 1-2. Without greater specificity, context and adequate briefing of those issues, such matters are not ripe for review at this time and the Court will not address them.

As a threshold matter, Rule 34(a)(2) of the Federal Rules of Civil Procedure—the authority upon which Plaintiff predicates its request—does not entitle Plaintiff to interview Defendants' staff during an inspection. Instead, the rule states that a party may serve on another party a request to enter land or property to "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). While Defendants are not at liberty to refuse the on-site visit pursuant to Rule 34(a), nothing in the rule requires Defendants to provide Plaintiff with access to interview its staff. *See Curry v. Goodman*, 2003 U.S. Dist. LEXIS 17861, *2 (D. Conn. 2003) ("Consistent with Rule 34(a), defendant is not at liberty to refuse plaintiff's request for an on-site visit . . . This does not permit plaintiff's expert 'basic access to managerial personnel to understand the operations of the [premise].'").

Moreover, while the rules of discovery are to be construed liberally, *Schwarzenegger*, 2007 WL 3231706, at *1, Plaintiff is not entitled to conduct limitless discovery. Instead, "the search for the truth must be balanced against the burdens and dangers created by the inspection." *Belcher*, 588 F.2d at 908. The dangers described in *Belcher* are mirrored in this case, including that "interrogation of the employees, conducted informally" could lead to "a roving deposition, taken without notice, throughout the [facility], of persons who were not sworn and whose testimony was not recorded, and without any right by the defendant to make any objection to the questions asked." *Id*. at 907. The Fourth Circuit found that this danger, coupled with the burden placed on the defendant in accommodating the "roving depositions," was not outweighed by "the degree to which the proposed inspection will aid in the search for the truth." *Id*. at 908-909. In evaluating whether an inspection would "aid in the search for the truth," the

9

Fourth Circuit considered that "small utility" could be derived from interviews that were conducted informally and directed with little specification. *Id.* (given plaintiff's failure to specify, "with the particularity demanded by rule 34," it is "difficult to see how the proposed inspection can have any meaningful direction.").

Here, even if one were to put aside the lack of authority for Plaintiff's request in the plain language of Rule 34, Plaintiff's proposed line of questioning—"regarding the operations, premises, processes and procedures viewed during the facility inspection"—lacks the particularity required by Rule 34. Further, the request is so broad and all-encompassing that its utility is outweighed the dangers posed by the breadth of the questioning and the abandonment of the Rule 30 procedural safeguards.

The Court appreciates the depth of the technical complexity and the breadth of factual discovery posed by prison-conditions litigation. However, the elaborate nature of the inquiry does not give Plaintiff *carte blanche* to conduct an untailored survey of the staff at Golden Grove, especially without the protections afforded by procedures provided in Rule 30 depositions designed to help promote accuracy and reliability. Plaintiff's proposed scope of questioning is expansive enough to evade any meaningful boundary and so nebulous as to permit Plaintiff virtually unlimited latitude in the scope of its questioning. Plaintiff could recast any number of far-reaching inquiries as falling within the "operations, premises, processes and procedures viewed during the facility inspection," creating the same danger of unlimited and "roving depositions" described by the Fourth Circuit in *Belcher*.

Nor do the cases cited by Plaintiff support such an expansive inquiry under Rule 34. In *Carey*, the Second Circuit distinguished the facts from those in *Belcher*, stating

10

"[a] different balance must be struck . . . Here plaintiff counsel's claims of noncompliance were quite specific." 706 F.2d at 961. In *Erie*, the district court permitted plaintiff's experts to informally interview the County's employees "on the issues of suicide prevention and mental health processes and procedures." 2010 WL 986505, at *3. Similarly, in *Schwarzenegger*, the request focused on "access to medical and mental health care" and "issues of housing, programming, exercise and activities for class members." 2007 WL 3231706, at *1.[7]

If the Court were to require Defendants to submit to unconstrained informal questioning under Rule 34, one could ask—as Defendants do—why a litigant would ever conduct the critical but burdensome procedures mandated under Rule 30. Defs.' Resp. at 6 n.4. The Fourth Circuit echoed this concern, explaining that "[a]lthough the Federal Rules do not prescribe an order of preference for discovery techniques, one method cannot arbitrarily be demanded over another simply because it is less burdensome to the moving party. . . The requirements and safeguards prescribed by the Federal Rules for deposing witnesses cannot be so easily circumvented." *Belcher*, 588 F.2d at 910. Considering that Rule 34 does not vest Plaintiff with an entitlement to informally interview Defendants' staff members, and given the dual concerns of overbreadth and unreliability, the Court rejects Plaintiff's Motion.

---

[7] The case of *Morales v. Thurman* is an exception to this general approach to considering the permissibility of interviews. 59 F.R.D. 157. In *Morales*, the Court permitted plaintiff's experts to spend one month interacting with, and interviewing, inmates at a Texas Youth Council institution. The district court acknowledged that "[t]his request for discovery is perhaps extraordinary, yet this is an extraordinary case." 59 F.R.D. at 159. The Court noted its discretion "must be guided by 'considerations of policy and of necessity, propriety and expediency in the particular case at hand.'" *Id.* (quoting *United States v. Kohler*, 9 F.R.D. 289, 291 (D. Pa. 1949)). In this case, similar considerations lead to a different conclusion.

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion to Compel Entry Upon Land.


Date: March 5, 2012                             _____/s/_____
                                                WILMA A. LEWIS
                                                District Judge