**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No. 1986-0265** |
| **TERRITORY OF THE VIRGIN ISLANDS,** ) | |
| et al., ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**Attorneys:**
**Jonathan M. Smith, Esq.,**
**Laura L. Coon, Esq.,**
**Rita K. Lomio, Esq.,**
**Sharon I. Brett, Esq.,**
**Marlysha Myrthil, Esq.,**
Washington, D.C.
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Shari N. D'Andrade, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants*

**Joseph A. DiRuzzo, III, Esq.,**
Miami, FL
    *For Intervenor*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on a "Motion to Intervene," filed by Ronald E. Gillette (Dkt. No. 811), Defendants' Opposition thereto (Dkt. No. 827), Gillette's Reply (Dkt. No. 832), and Gillette's "Notice of Supplemental Authority" (Dkt. No. 886). In his Motion, Gillette requests permissive intervention in this action, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, for the limited purpose of seeking to unseal certain documents filed in

this case. (*See* Dkt. No. 811 at 1).[1] For the reasons discussed below, the Court will grant the Motion to Intervene.

## I. BACKGROUND

This litigation began in 1986 when the United States filed a Complaint seeking to enjoin the Virgin Islands Government from allegedly depriving inmates at the Golden Grove Adult Correctional Facility ("Golden Grove") of the rights, privileges, and immunities provided and secured by the United States Constitution. (*See* Dkt. No. 1). After decades of litigation, the Court, on May 14, 2013, accepted a Settlement Agreement executed by the parties (Dkt. No. 689-1), and entered it as an Order of the Court (Dkt. No. 742).[2] In the Order, the Court adopted the United States' Proposed Findings of Fact and Conclusions of Law (Dkt. No. 716), and found, as agreed by the parties, that "Defendants are violating the Eighth Amendment rights of prisoners at Golden Grove[.]" (Dkt. No. 742 at 2). Gillette is a prisoner at Golden Grove. (*See* Dkt. No. 812 at 2).

## II. DISCUSSION

### A. Applicable Legal Principles

Federal Rule of Civil Procedure 24(b) provides, in relevant part, that the court, upon timely motion, may, in its discretion, permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B); *see also Pa. Prison Soc. v. Cortes*, 622 F.3d 215, 232 (3d Cir. 2010). The Rule further provides

---

[1] The specific documents Gillette seeks to unseal were filed under seal pursuant to the following Court Orders: Order of July 26, 2011 (Dkt. No. 562); Order of January 28, 2013 (Dkt. No. 708), Order of March 3, 2014 (Dkt. No. 775), and Order of March 31, 2014 (Dkt. No. 791).

[2] During the course of the litigation, the parties had previously entered into a Consent Decree, a Plan of Compliance, and a Stipulated Agreement (all of which were entered as Orders of the Court) to remedy the constitutional violations at Golden Grove. In a Memorandum Opinion issued on February 8, 2012, this Court found that these Orders did not comply with the Prison Litigation Reform Act. (*See* Dkt. No. 630). The ensuing litigation resulted in the May 14, 2013 Order of the Court adopting the parties' Settlement Agreement.

that, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

### B. Analysis

In the instant matter, Gillette moves to intervene pursuant to Rule 24(b)(1)(B) for the limited purpose of seeking to "exercise his First Amendment and common-law claims that he, and the public, have access [to] the documents filed under seal in [this] case." (Dkt. No. 811 at 1).[3] In support of his motion, Gillette states that, "as a person incarcerated [at Golden Grove, he] has a concrete interest in the evidence and documents in this case as it relates to the conditions of confinement that he must endure while incarcerated at Golden Grove." (Dkt. No. 812 at 2). Defendants oppose the motion to intervene, contending that the motion is untimely and that intervention will "only prejudice Defendants' ability to control the prisoners at Golden Grove and achieve the objectives of the Settlement Agreement (Dkt. No. 689-1)." (Dkt. No. 827 at 1).

### 1. Standing

The Third Circuit Court of Appeals has held that "the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (citations omitted).[4] In this same context, the Third Circuit further held that "third parties have standing to challenge [such] orders in an effort to

---

[3] The Court notes that this is Gillette's second motion to intervene in this matter. In the first motion to intervene, Gillette argued that he was entitled to intervene as a plaintiff as a matter of right under Rule 24(a), or, alternatively, as a permissive intervenor under Rule 24(b). (*See* Dkt. No. 678 at 1). In a Memorandum Opinion and Order, dated November 7, 2012, this Court denied Gillette's first motion to intervene on the basis that his motion was untimely; his intervention would delay litigation and prejudice the parties; and his intervention was unnecessary given that the plaintiff in this matter, the United States of America, adequately represents his interests. (*See* Dkt. No. 692, 693). The decision was affirmed by the Third Circuit Court of Appeals. *See United States v. Terr. of the V.I.*, 748 F.3d 514 (3d Cir. 2014).

[4] In its Opinion, the Third Circuit explained that the term "confidentiality order" refers to "any court order which in any way restricts access to or disclosure of any form of information or proceeding, including but not limited to 'protective orders,' 'sealing orders,' and 'secrecy orders.'" *Pansy*, 23 F.3d at 777 n.1 (citation omitted). The Orders at issue in this case are sealing orders.

3

obtain access to information or judicial proceedings," and that third parties "may have standing notwithstanding the fact that they assert rights that may belong to a broad portion of the public at large. So long as the 'injury in fact' alleged by each intervenor is a distinct and palpable injury to himself, standing should not be denied even if it is an injury shared by a large class of other possible litigants." *Id*. at 777 (quoting *United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir. 1978) (internal quotation marks omitted)).

Here, Gillette asserts that he has a First Amendment and common law right of access to the judicial records filed under seal in this case, and that the sealing Orders interfere with his efforts to obtain access to the information contained in those records. (*See* Dkt. No. 812 at 2). A third party "need only show an obstacle that prevents access to a judicial record" in order to have standing to intervene under Rule 24(b)(1)(B). *In re Motions for Access of Garlock Sealing Techs, LLC*, 488 B.R. 281, 295 (D. Del. 2013) (citing *Pansy*, 23 F.3d at 777). Accordingly, the Court finds that Gillette has alleged "a distinct and palpable injury to himself" that meets the standing requirements for a Rule 24(b)(1)(B) motion. *Cianfrani*, 573 F.2d at 845; *see also Pansy*, 23 F.3d at 777 (finding that the proposed intervenors met the standing requirements of Rule 24(b)(1)(B) by showing that the "putatively invalid Confidentiality Order which the district court entered interferes with their attempt to obtain access to the Settlement Agreement").

In their Opposition to the Motion to Intervene, Defendants question whether Gillette has stated a credible reason for the Court to vacate the sealing Orders. (*See* Dkt. No. 827 at 2, 11). In so doing, they argue that Gillette "makes no claim . . . that any of the sealed documents pertain to him or would be material and relevant to any action that he might have standing to bring." (*Id*. at 2). Defendants further argue that "Mr. Gillette failed to offer any authority that stands for the proposition that prisoners should have unrestricted access to records of the facility where they are incarcerated." (*Id*.).

The Third Circuit has made clear that "to establish standing, it is not necessary for litigants to demonstrate that they will prevail on the merits of their claim." *Pansy*, 23 F.3d at 777 (citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). To conclude that Gillette has standing to intervene, this Court need only find that the sealing Orders being challenged present an obstacle to Gillette's efforts to obtain access, not that Gillette will ultimately prevail in his quest to unseal the documents at issue. *See id*. Accordingly, Defendants' arguments, which focus on the merits of Gillette's anticipated motion to unseal, are premature at this time.

### 2. Requirements for Permissive Intervention

In order to prevail on a Rule 24(b)(1)(B) motion for permissive intervention, the moving party must satisfy two requirements: (1) the motion must be timely; and (2) the moving party must have a claim or defense that shares with the main action a common question of law or fact. *See* FED. R. CIV. P. 24(b)(1)(B); *see also Brody v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992).[5] As discussed below, "[t]hese requirements have been interpreted flexibly when a non-party seeks intervention for the limited purpose of modifying a protective [or confidentiality] order." *In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 339 (E.D. Pa. 2004).

Addressing first the requirement that the movant's claim or defense must share with the main action a common question of law or fact, this prong of the Rule has been interpreted with "considerable breadth." *In re Linerboard*, 333 F. Supp. 2d at 339 (quoting *EEOC v. National Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (internal quotation marks omitted)). In *Pansy v. Borough of Stroudsburg*, the Third Circuit—adopting the reasoning of the Ninth Circuit

---

[5] Ordinarily, permissive intervention also requires independent jurisdictional grounds. *Pansy*, 23 F.3d at 778 n.3; *see also In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 339 (E.D. Pa. 2004) (citing *EEOC v. National Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). However, "an independent jurisdictional basis is not required . . . in cases where intervenors seek to modify an order of the court" because "the court has jurisdiction based on the fact that it already has the power to modify the [] order." *Id.*; *see also EEOC*, 146 F.3d at 1047 (stating that intervenors who seek to modify an order of the court "do not ask the district court to exercise jurisdiction over an additional claim on the merits, but rather to exercise a power that it already has, namely the power to modify a previously entered confidentiality order").

Court of Appeals in *Beckman Industries, Inc. v. International Ins. Co.*—stated that "the same legal theory [that was raised in the main action], is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective [or confidentiality] order." 23 F.3d at 778 (quoting *Beckman*, 966 F.2d 470, 474 (9th Cir. 1992), *cert. denied*, 506 U.S. 868 (1992) (second alteration added)). The Third Circuit explained that a party seeking intervention meets the requirement of Rule 24(b)(1)(B) by virtue of the fact that it challenges the validity of the confidentiality order entered in the main action. *See id*.

Here, Gillette seeks to intervene for the limited purpose of challenging the validity of the sealing Orders entered in this case. (*See* Dkt. No. 811 at 1). Under these circumstances, the fact that Gillette is challenging the sealing Orders is sufficient to satisfy the requirement that his claim or defense share with the main action a common question of law or fact. *See Flint v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (stating that "it is the public's interest in the confidentiality of the judicial records that—'in the language of Rule 24(b)[(1)(B)]—[is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervener]'") (quoting *Jessup v. Luther*, 227 F.3d 993, 999 (7th Cir. 2000) (first alteration added)); *see also Pansy*, 23 F.3d at 778 (explaining that "[b]y virtue of the fact that the Newspapers challenge the validity of the Order of Confidentiality entered in the main action, they meet the requirement of [Rule 24(b)(1)(B)] that their claim must have a 'question of law or fact in common' with the main action"). Accordingly, the Court finds that Gillette meets the commonality requirement for permissive intervention.

The requirement that the motion be timely filed "has also been interpreted broadly in the context of modifying protective [or confidentiality] orders." *In re Linerboard*, 333 F. Supp. 2d at 339. In *Pansy*, the Third Circuit explained that there is a "growing consensus among the courts

of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated" or "after the underlying dispute between the parties has long been settled." 23 F.3d at 779 (quoting *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157 (3d Cir. 1993) (internal quotation marks omitted).

In the instant action, Defendants argue that the Motion to Intervene is untimely and that they "will be unduly prejudiced by the untimely filing of the [Motion] if Mr. Gillette ultimately obtains the sealed documents." (Dkt. No. 827 at 6). Specifically, Defendants contend that the sealing Orders "were integral to allowing the parties to reach the Settlement Agreement," and that they "were able to make accommodations [under the Agreement] only because they obtained safeguards against unrestricted public disclosure of confidential information." (*Id*. at 7-8, 13). Defendants argue further that because the "oldest order is almost three years old[,] . . . Mr. Gillette could have requested intervention to challenge the Sealing Orders at any time during the last three years, but he failed to do so." (*Id*. at 6).

Defendants' prejudice argument again relies on the merits of Gillette's anticipated motion to unseal the documents, and is thus premature. In any event, although prejudice to the existing parties is a factor to be considered in determining whether to grant a Rule 24(b)(1)(B) motion for permissive intervention,[6] the Third Circuit has stated that "where an intervenor is litigating an ancillary issue, [such as the validity of a confidentiality order,] the potential for prejudice to the original parties due to the delay in intervention is minimized." *Pansy*, 23 F.3d at 779 (citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 786 (1st Cir. 1988)).

Because a motion to intervene for the limited purpose of modifying a confidentiality order is timely "even after the underlying dispute between the parties has settled," the Court finds that Gillette meets the timeliness requirement for permissive intervention. *See id*. at 779.

---

[6] *See* FED. R. CIV. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.").

The Court further finds that because intervention in this case relates to a "particularly discrete and ancillary issue" and "will not disrupt the resolution of the underlying merits" of this case, which have already been resolved and "are no longer subject to review," delayed intervention by Gillette will cause minimal, if any, prejudice to Defendants. *See id.* at 779-80 (quoting *Public Citizen*, 858 F.2d at 786).

### III.   CONCLUSION

For the foregoing reasons, the Court finds that Gillette has satisfied the requirements for permissive intervention under Rule 24(b)(1)(B), and will therefore grant Gillette's Motion to Intervene in this action for the limited purpose of seeking to unseal the identified documents.

**UPON CONSIDERATION** of the foregoing, and the entire record herein, it is hereby

**ORDERED** that the Motion to Intervene is **GRANTED**; and it is further

**ORDERED** that Gillette shall be permitted to intervene in this matter for the limited purpose of seeking to unseal certain identified documents.

**SO ORDERED.**

Date:  October 26, 2015

_____/s/_____
WILMA A. LEWIS
Chief Judge