## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1986-0265 |
| ) | |
| TERRITORY OF THE VIRGIN ISLANDS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**

**William G. Maddox, Esq.**
**Matthew Underwood, Esq.**
Washington, D.C.
**Angela P. Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
    *For the United States*

**Eric Chancellor, Esq.**
St. Croix, U.S.V.I.
**William R. Lunsford, Esq.**
**Grayson D. Miller, Esq.**
**Kenneth S. Steely, Esq.**
Huntsville, AL
**Carly H. Chinn, Esq.**
Ridgeland, MS
    *For Defendants*

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants Territory of the Virgin Islands, et. al's ("Territory") "Notice Regarding Prioritization of Monitor's Payment for Fees and Expenses" ("Notice"). (Dkt. No. 1332).

On May 28, 2024, the Court entered an Order directing the Territory to show cause why sanctions should not be imposed against it for its failure to timely pay the Monitor's January 2024, February 2024 and March 2024 invoices, which caused a cessation of monitoring services in May

2024. (Dkt. No. 1324). Thereafter, the Court held a Show Cause Hearing on June 11, 2024 ("Hearing") to discuss the Territory's failure to timely pay the Monitor's January 2024 through March 2024 invoices within thirty days of receipt in compliance with the Territory's contract with the Monitor[1] (Dkt. No. 817- 1) and the Court's June 6, 2014 Order (Dkt. No. 830). During the Hearing, the Territory represented, *inter alia*, that the untimely payments were caused by financial constraints that the Territory is currently experiencing due to shortfalls between revenue and expenditures. The Territory further represented that the financial constraints did not affect only the Monitor's payments, but have also caused a backlog in the Territory's payments to vendors. Because of this backlog, the Territory has instituted a tiered system for the approval and payment of vendor invoices by the Virgin Islands Department of Finance ("Finance"). As part of this system, the Virgin Islands Bureau of Corrections ("BOC") submits the Monitor's invoices on a weekly Critical List to Finance. Vendor payments are then prioritized based on decisions made by a stateside third-party consulting firm that reviews the government agencies' Critical Lists in consultation with the Commissioner of Finance. The Territory represented that its use of the Critical List together with follow-up communications to Finance by BOC and the Attorney General's Office were unavailing, resulting in the Territory's failure to make timely payments to the Monitor. In fact, the Territory presented what appeared to be a very dim situation—that it did not know when the issue of Monitor compensation would be rectified due to the Territory's ongoing financial constraints.

Following the Hearing, the Court—consistent with its oral directives at the Hearing—entered an Order on July 11, 2024 directing the Territory to submit a filing describing how the Territory would meet its contractual obligations with the Monitor and pay the Monitor's invoice

---

[1] By the terms of the contract entered into by Defendants and the Monitor, "[t]he Government shall, within THIRTY (30) DAYS of the receipt of an invoice, pay the invoice in full or, if it contests any charge or charges on the invoice and fails to resolve the dispute by agreement, submit the dispute to the Court and the Court will determine the appropriate amount to be paid." (Dkt. No. 817-1 at 42).

within 30 days in accordance with the Court's June 6, 2014 Order. (Dkt. No. 1331 at 3-4). Further, the Court directed the Territory to include the payment status of the May 2024 invoice at the time of filing. *Id.*

In the instant Notice, the Territory states—in response to the Court's July 11, 2024 Order—that Governor Albert Bryan Jr. ("Governor Bryan") met with the leadership of the BOC, Finance, and the U.S. Virgin Islands Department of Justice. (Dkt. No. 1332 at 1). The Territory represents that "the meeting resulted in a directive from the Governor to [Finance] to utilize its best efforts to prioritize payment of invoices submitted by Dr. Ray during the Territory's current fiscal circumstances." *Id.* The Territory also represents that the May 2024 invoice was timely paid on June 25, 2024. *Id.* The Territory concludes that "the foregoing resolves all issues pertaining to these payments and [it] will notify the Court in the event of any future issues." *Id.* at 2.

The Court appreciates Governor Bryan's intervention and his directive to Finance in connection with this matter. Contrary to the Territory's suggestion, however, the issue of timely payments to the Monitor has not yet been resolved to the Court's satisfaction. This is especially so in light of the dim picture painted by the Territory at the Show Cause Hearing as to when the issue of Monitor compensation would be rectified; the Territory's representations at the Hearing that its prior efforts to ensure timely payments through the "Critical List" system for prioritizing payments had not been successful; and the untimeliness of the January through March 2024 payments, notwithstanding BOC's monthly outreach to the Commissioner of Finance and efforts to secure payment through communications with Finance by the Office of the Attorney General.

In the final analysis, whether Governor Bryan's directive to Finance is resulting in timely payment of the Monitor's invoices can best be assessed at this time by reviewing the Territory's payments over the past several months. Accordingly, the Court will direct the Territory to file a submission with the Court that contains the payment status, at the time of filing, of the Monitor's

3

June 2024, July 2024, August 2024 and September 2024 invoices. The Territory shall include the date that each invoice was received; the date that each invoice was due; and the date that each invoice was paid. If any of the aforementioned invoices were not paid within 30 days of receipt, the Territory shall provide an explanation for its failure to do so.

The Court's ruling on the Order to Show Cause (Dkt. No. 1324), including any sanctions associated therewith, will continue to be held in abeyance pending the Court's review of the Territory's submission and any further proceedings deemed necessary by the Court.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Territory shall have up to and including **November 12, 2024** within which to file a submission with the Court that shall contain the payment status, at the time of filing, of the Monitor's June 2024, July 2024, August 2024 and September 2024 invoices, along with the receipt date, the due date, and the payment date of each invoice; and it is further

**ORDERED** that, if any of the aforementioned invoices were not paid within 30 days of receipt, the Territory shall provide an explanation for its failure to do so; and it is further

**ORDERED** that the Court's ruling on the Order to Show Cause (Dkt. No. 1324), including any sanctions associated therewith, will continue to be held in abeyance pending the Court's review of the Territory's submission and any further proceedings deemed necessary by the Court.

**SO ORDERED.**

Date:  November 5, 2024                            _____/s/_____
                                                                          WILMA A. LEWIS
                                                                          District Judge