**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:86-cv-0265** |
| | ) | |
| **TERRITORY OF THE VIRGIN ISLANDS, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

**BEFORE THE COURT** is Defendants' Unopposed Motion to Terminate Sections of the Settlement Agreement (Mot.), filed on August 7, 2026. (Dkt. No. 1445.)

**I.**

In 1986, the parties entered into a consent decree regarding the alleged unconstitutional conditions at the then-Golden Grove Adult Correctional and Detention Facility (currently, the John A. Bell Adult Correctional Facility (JABACF)). In lieu of further litigation to terminate the consent decree following the enactment Prison Litigation Reform Act (PRLA), the parties entered into the Settlement Agreement (Dkt. No. 689-1), which was "accepted by the Court and entered as Order of the Court." Order (Dkt. No. 742), entered May 14, 2013 (all caps removed). The Settlement Agreement requires Defendants to develop and implement policies and procedures and train staff to provide a reasonably safe and secure environment for prisoners and staff, including constitutionally adequate living conditions, as well as to provide constitutionally adequate medical and mental health care.

In particular, Section IV, subsections F, I, and J, requires the development and implementation of policies, procedures, and practices that will provide a reasonably safe and secure environment, particularly with respect to the classification and housing of prisoners, the use of physical restraints on prisoners, and prisoner complaints. Settlement Agreement (Dkt. No. 689-1) at 6-8. Section VIII of the Settlement Agreement requires proper training of all staff to "understand and implement the policies and procedures required by this Agreement . . . ." *Id*. at 13. Defendants assert that these provisions have "achieved their remedial purpose and no longer require continued prospective enforcement" and that "termination of these discrete provisions is appropriate under Rule 60(b)(5) and 18 U.S.C. § 3626(b)(1)(B) because continued federal oversight of these provisions is no longer necessary to correct a current and ongoing violation of federal rights." Mot. at 8.

According to the Court-Appointed Independent Monitor's 32nd Monitoring Report (Dkt. No. 1436-1), dated May 28, 2026, the progress summary for Section IV, Subsection F, Classification and Housing of Prisoners, provides:

> One (1) provision is upgraded from Partial to Substantial Compliance, one (1) from Substantial Compliance to Sustained Compliance, one (1) from Substantial Compliance to Provisional Sustained Compliance, and two (2) provisions are now in Substantial Compliance. Two (2) provisions remain in Partial Compliance. This section advances to 67% toward full Sustained Compliance.

*Id*. at 32. Defendants acknowledge that two areas remain in partial compliance. However, they maintain that these items "may be addressed through ordinary facility management, policy compliance, and internal quality assurance, and do not require continued prospective enforcement of Section IV.F.1.a-f." Mot. at 8. Defendants represent that, despite these two areas, Plaintiff does not oppose termination of this subsection. *Id*.

Regarding Section IV, Subsection I, Use of Physical Restraints on Prisoners, the said Monitoring Report states, "All provisions have achieved Sustained Compliance by maintaining Substantial Compliance for at least 12 consecutive months. The parties are encouraged to consider discussions regarding termination of this Section from the Agreement." Dkt. No. 1436-1 at 62.

The third subsection Defendants seek to terminate is Section IV, Subsection J, Prisoner Complaints. The Monitoring Report contains this compliance summary: "Four (4) provisions progress from Substantial Compliance to Sustained Compliance and one (1) provision remains Substantial Compliance. The Section is 93% toward full Sustained Compliance." *Id.* at 66.

As for Section VIII, Training, the Monitoring Report's also contains a compliance summary: "All provisions have achieved Sustained Compliance. The parties are encouraged to consider discussions regarding the termination of this Section of the Agreement." *Id.* at 115.

**II.**

A court's modification power "'is long-established, broad, and flexible'" and courts should apply a "'flexible modification standard in institutional reform litigation . . . .'" *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 381 & n.6 (1992) (citations omitted). As the Supreme Court explains in *Horne v. Flores*, 557 U.S. 433 (2009), "A flexible approach allows courts to ensure that 'responsibility for discharging the State's obligations is returned promptly to the State and its officials' when the circumstances warrant.'" *Id.* at 450 (quoting *Frew* v. *Hawkins*, 540 U.S. 431, 441, 442 (2004)). Here, Defendants, as the "party

seeking modification of a consent decree, bears the burden of establishing that a significant change in circumstances warrants revision of the decree." *Rufo*, 502 U.S. at 383. Once the Court determines that that standard has been met, it then "consider[s] whether the proposed modification is suitably tailored to the changed circumstance." *Id*. Significantly, "[i]f a durable remedy has been implemented, continued enforcement of the order is not only unnecessary, but improper." *Horne*, 557 U.S. at 450 (citation omitted).

The Court is satisfied that Defendants have met their burden here. The record in this case demonstrates that Defendants have maintained sustained compliance under Section IV, Subsection I, for at least 12 consecutive months. And, although, Section IV, Subsections F and J, have not achieved quite the same level of sustained compliance, the progress made under those provisions indicates that Defendants have implemented durable remedies with respect to those subsections. Moreover, Plaintiff does not oppose termination of those subsections. Applying the flexible *Rufo* standard to the circumstances in this case, the Court finds that terminating Section IV, Subsections F, I, and J, and Section VIII of the Settlement Agreement is warranted and will allow Defendants to focus its time, effort, and funds on bringing the remaining sections of the Settlement Agreement into substantial compliance and maintaining compliance of all sections. As such, the Court concludes that it is appropriate to terminate the Section IV, Subsections F, I, and J, and Section VIII of the Settlement Agreement and return the responsibility for discharging such obligations to Defendants.

**III.**

Accordingly, it is hereby

**ORDERED** that Defendants' Unopposed Motion to Terminate Sections of the Settlement Agreement, Dkt. No. 1445, is **GRANTED**; and it is further

**ORDERED** that Section IV, Subsections F, I, and J, and Section VIII of the Settlement Agreement, Dkt. No. 689-1, are hereby **TERMINATED**.

**Date**: November 20, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**